**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MSR GL RESORT, LP,**

        **Plaintiff,**

**-vs-**                                                     **Case No. 6:11-cv-662-Orl-28TBS**

**HUNT CONSTRUCTION GROUP, INC.,**
**and S.A. COMMUNALE CO. INC.,**

        **Defendants.**
_____/

**S.A. COMMUNALE CO., INC.,**

        **Third-Party Plaintiff,**

**-vs-**

**J-KAULK FIRESTOPPING, INC.,**

        **Third-Party Defendant.**
_____/

# ORDER

This case arises from alleged construction defects at an Orlando hotel owned by Plaintiff, MSR GL Resort, LP ("MSR"). MSR filed this suit against the general contractor, Hunt Construction Group, Inc. ("Hunt"), and the fire protection system subcontractor, S.A. Communale Co., Inc. ("Communale"), alleging that use of certain fire-proofing and sound-proofing caulk in contact with CPVC pipe caused the pipes to rupture and led to significant damage. (Compl., Doc. 2).

Communale then filed a Third-Party Complaint (Doc. 40) against J-Kaulk Firestopping,

Inc. ("J-Kaulk")—the entity that allegedly selected and installed the caulking—bringing claims of breach of oral contract and common law indemnity. J-Kaulk has filed a Motion to Dismiss (Doc. 61), alleging that the breach of oral contract claim is barred by the statute of limitations and that the common law indemnity claim fails to state a cause of action. As set forth below, the motion is denied as to both counts.

### A. Count I

J-Kaulk contends that the breach of oral contract claim is barred by the four-year statute of limitations provided by section 95.11(3)(k), Florida Statutes, which applies to "[a] legal or equitable action on a contract, obligation, or liability not founded on a written instrument." J-Kaulk notes that a cause of action accrues under this statute when the breach occurs, and it asserts that any breach by it occurred more than four years prior to the filing of the claims at issue.

Communale, on the other hand, maintains that the appropriate statute of limitations is not section 95.11(3)(k) but section 95.11(3)(c), which applies to "[a]n action founded on the design, planning, or construction of an improvement to real property." Section 95.11(3)(c) also provides for a four-year limitations period, and "when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence." § 95.11(3)(c), Fla. Stat.

According to the Third-Party Complaint, Communale and J-Kaulk entered into their oral contract on March 28, 2002. (Doc. 40 ¶ 15). J-Kaulk alleges that it completed its work no later than December 2005, when the hotel was sold in its completed condition to MSR's predecessor. Hunt alleges in the main Complaint that the burst pipes were discovered in

August 2008. (Doc. 2 ¶ 30; see also Doc. 40 ¶ 18). Hunt filed its Complaint in March 2011, and the Third-Party Complaint was filed by Communale against J-Kaulk in September 2011.

Communale is correct that section 95.11(3)(c)—not section 95.11(3)(k)—governs here. "When two statutes are ostensibly in conflict, the rules of statutory construction provide that the more specific statute controls." Suntrust Banks of Fla., Inc. v. Don Wood, Inc., 693 So. 2d 99, 101 (Fla. 5th DCA 1997). "This general rule applies to the construction of statutes of limitation . . . ." Id. Section 95.11(3)(c) is more specific than section 95.11(3)(k) because "it is narrowly directed to lawsuits relating to the improvement of real property," whereas section 95.11(3)(k) "is directed to all actions premised on [an oral] contract regardless of the subject matter addressed in the contract." Id. (discussing written contract statute of limitations and concluding that section 95.11(3)(c)—rather than the section governing written contracts—applied). A latent defect is alleged here, and discovery of that latent defect is alleged to have occurred in 2008; thus, the Court cannot conclude from the pleadings that Count I was untimely filed.

### B. Count II—Common Law Indemnity

J-Kaulk asserts that Count II of the Third-Party Complaint fails to state a cause of action and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). J-Kaulk argues that if Communale is liable to Hunt, Communale cannot be "faultless" as required for pursuit of its indemnity claim. However, the fact that Communale may be liable to Hunt for breach of contract does not, as asserted by J-Kaulk, preclude Communale from bringing a common-law indemnity claim against J-Kaulk. Cf. Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc., 648 F. Supp. 2d 1371, 1379 (M.D. Fla. 2009) (concluding that "a party's

liability for breach of contract [does not] preclude[] a finding of faultlessness" as required to bring an indemnity claim).  Communale has sufficiently alleged a claim for common law indemnity in this count.

### C.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that the Motion to Dismiss (Doc. 61) filed by J-Kaulk is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 12th day of July, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record